of the contract should have been annexed to the complaint is not well founded, as there is no pretense but that the defendant is fully informed as to the provisions of the contract in question. The order should be affirmed, with costs. All concur.

----

### PEOPLE *ex rel.* KETCHAM *v.* EXCISE COM'RS OF NEW YORK.

*(Supreme Court, General Term, First Department.* April 14, 1892.)

MANDAMUS—EXCISE COMMISSIONERS—REFUSAL TO GRANT LICENSE—JURY TRIAL.
> In proceedings on *mandamus* to review the action of the excise commissioners of New York city in refusing to grant a license, it is not error for the court to refuse to frame an issue of fact to be tried by a jury, since Laws 1886, c. 496, provides that, if the court or judge shall determine on the hearing that the application for a license has been rejected without good and valid reasons, he may direct the excise commissioners to grant a license.

Appeal from special term, New York county.

James W. Ketcham, relator, applied to the excise commissioners of New York city for a license to sell liquors, which was denied. Relator commenced this proceeding by the issuance and service of an alternative writ of *mandamus*, requiring the commissioners to grant him a license or show cause. Relator appeals from an order denying his motion to frame issues of fact, and submit them to a jury. Affirmed.

The opinion of Mr. Justice BARRETT, at special term, is as follows: "The review of the excise board contemplated by the act of 1886[1] is summary, and the question whether the board acted arbitrarily has been left to the court or judge issuing the *mandamus*. The discretion vested in the excise commissioners will not be interfered with on such an application. It is only where there has plainly been an arbitrary abuse of that discretion that the court will interfere. But whether the court will interfere or not is plainly a matter for its judgment upon the petition, writ, return thereto, and the evidence and papers which were before the commissioners. Upon looking over the whole ground, the court will, in a summary way, decide whether the commissioners have abused their power, and arbitrarily rejected the applicant's petition. It is the court which must decide this, not a jury. The framing of an issue was never contemplated by the act of 1886; and, if that practice were permitted, juries would soon be turned into excise commissioners. We require no opinion from a jury as to whether the commissioners acted arbitrarily in the matter, but the court will itself decide that question. The order to frame issues should therefore be vacated."

----

[1] By chapter 496 of the Laws of 1886, it is enacted: "Section 1. The boards of commissioners of excise in the cities of this state having a population of over one hundred and fifty thousand inhabitants shall, if all other requirements of the law have been complied with, have power to grant license to sell strong or spirituous liquors, ale, wine, or beer, to be drank on the premises, to be named in the application for such license, to any person or persons having a good moral character, whether or not they propose to keep an inn, tavern, or hotel, provided that no such license shall be granted unless the said commissioners shall be satisfied upon examination that the applicant therefor is a person of good moral character, and that a license may properly be granted for such sale in the place proposed: provided, however, that where a resident of any city affected by the provisions of this act shall apply to the board of excise of said city for a license, and such application shall be denied, and license refused, it shall and may be lawful for such person to apply to any court of record in said city, or to a judge thereof, for a writ of *mandamus* to review the action of such excise commissioners or board of excise, and said board, in its return to said writ, shall include all evidence and all papers on which the action was based. If the court or judge by whom a writ of *mandamus* shall be issued, in pursuance to the provisions of this act, shall determine upon the hearing of said *mandamus* that the application made the basis for said writ of review has been arbitrarily rejected, or has been rejected without good or valid reasons therefor, the said court or judge may, by an order, direct the excise commissioners or board of excise to grant said license."

Argued before VAN BRUNT, P. J., and INGRAHAM and O'BRIEN, JJ.
*Albert I. Sire,* for appellant.    *Edward Browne,* for respondent.

PER CURIAM.   We think the order appealed from should be affirmed, on
the opinion of the court below, with costs.

---

PEABODY *et al. v.* CORTADA *et al.*

*(Supreme Court, General Term, First Department.   April 14, 1892.)*

COUNTERCLAIM—BREACH OF CONTRACT TO PROTECT CREDIT—BILL OF PARTICULARS.

Defendants alleged by way of counterclaim that plaintiff failed to perform his
agreement to protect their credit by paying certain drafts, and that in consequence
thereof numerous persons withdrew their accounts, whereby defendants were de-
prived of profits, and that many who otherwise would have dealt with them did
not do so, to their loss, etc.   *Held,* that plaintiff was entitled to an order directing de-
fendants to furnish a bill of particulars setting forth the names and addresses of
those who withdrew their accounts, and also the respective amounts in which their
credit was injured by the withdrawal of accounts, and the failure of others to do
business with them; but they should not be compelled to state the items of dam-
age, or the names and addresses of those who had not opened accounts with them.

Appeal from special term, New York county.

Action by Henry W. Peabody and another against Emilio Cortada and an-
other.   Defendants answered, setting up a counterclaim.   From an order re-
quiring them to file a bill of particulars, defendants appeal.   Modified.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Forster & Speir,* (*H. A. Forster,* of counsel,) for appellants.   *Shepard,
Terry, McKelvey & Prentiss,* (*Seth S. Terry,* of counsel,) for respondents.

VAN BRUNT, P. J.   This appeal is taken from an order directing the de-
fendants to furnish a bill of particulars of the counterclaim based on the
alleged breach by the plaintiffs of an agreement to protect the defendants'
credit by paying certain drafts.   The answer alleges, among other things,
that numerous persons having accounts with the defendants, which accounts
were for great sums of money, and from which the defendants derived
great profits, in consequence of the dishonor of the drafts, and the loss of
the defendants' credit thereby, withdrew their accounts, and refused and
still refuse to do any business with them, thereby depriving the defendants
of great profits which they would otherwise have made; and also that the
credit of said defendants was so injured by the nonpayment of said drafts
that many persons who would otherwise have done business with them did
not do so, thereby causing great losses to the defendants.   A bill of particu-
lars was ordered, among other things requiring the defendants to set forth
the names and addresses of the persons or firms who had accounts, but
had withdrawn them by reason of such breach of agreement to honor the
drafts, and also setting forth the names and addresses of the persons who
would otherwise have done business with the defendants, etc.   The learned
counsel for the appellants, in his brief, states that the defendants appeal from
so much of the order as directed them to furnish the name and address of
every person with whom the defendants would have done business if their
credit had not been destroyed, and the profits that would have been derived
from each of such persons, and an itemized statement of the amounts making
up their total loss of credit.   Upon an examination of the appeal, however,
it will be found that the notice of appeal is broader than that which is stated
in the points.   We see no reason why the defendants should not be required
to furnish the names and addresses of the firms who had accounts with the
defendants, but withdrew them by reason of such breach of the alleged agree-
ment to honor the drafts, because, if such persons exist, they must know
them, and would be entitled to give evidence of the fact upon the trial, and,